[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 27, 2005
THOMAS K. KAHN
CLERK

No. 05-12333

D.C. Docket No. 05-00848-CV-RDP-TMP

MARIO G. CENTOBIE,

Petitioner-Appellant,

versus

DONAL CAMPBELL, Commissioner,
Alabama Department of Corrections,

Respondent-Appellee.

--------------------------
On Appeal from the United States District Court for the
Northern District of Alabama
--------------------------

BEFORE: TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Mario G. Centobie is under a sentence of death pursuant to a 1999 capital murder conviction. Execution of the sentence is scheduled for April 28, 2005. Centobie's conviction and sentence were affirmed on direct appeal. *See Centobie v. State*, 861 So. 2d 1111 (Ala. Crim. App. 2001), *aff'd*, 861 So. 2d 1145 (Ala. 2003). Centobie did not file any state or federal collateral attacks on his conviction or sentence and declared that he wished to waive further legal proceedings. On April 22, 2005, Attorney Katherine Puzone of the Federal Defenders of Alabama filed a "next friend" habeas petition in the United States District Court for the Northern District of Alabama.[1] Puzone asserts that Centobie is suffering from a mental disease that renders him incompetent to be executed or waive his appeals. The State of Alabama moved to dismissed the petition. The district court held that Puzone does not have standing to proceed on Centobie's behalf and dismissed the petition. Puzone appeals.

Puzone needs a certificate of appealability ("COA") in order to appeal the district court's order. *See Sanchez-Velasco v. Sec'y of Dep't of Corr*., 287 F.3d 1015, 1024-25 (11th Cir. 2002) (noting that attorney seeking to proceed as "next friend" in habeas proceeding moved for COA). We may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This means the petitioner must show "reasonable jurists could debate" the district court's resolution of the petition. *Slack v. McDaniel*, 529

---

[1]The pleading was styled as a motion for stay of execution pursuant to 28 U.S.C. § 2251; a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; a motion for appointment of counsel, for appointment of an expert, and for an evidentiary hearing.

U.S. 473, 484, 120 S.Ct. 1595, 1603-04 (2000).

We conclude that a COA is not warranted because Puzone lacks standing to litigate on Centobie's behalf.  In certain circumstances, a "next friend" has standing to proceed on a party's behalf.  However, "next friend" standing "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163, 110 S.Ct. 1717, 1727 (1990); *see also Hauser v. Moore*, 223 F.3d 1316, 1322 (11th Cir. 2000) (providing standard for determining "next friend" status).  We conclude that Puzone is not "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate," and she does not have "some significant relationship with the party in interest." *Hauser*, 223 F.3d at 1322.  Puzone has never represented Centobie and has no relationship to him outside of this matter.  He vigorously opposes her efforts to extend legal proceedings.  Their interests are thereof wholly divergent, and their relationship is too attenuated to support "next friend" standing.  *See Sanchez-Velasco*, 287 F.3d at 1029, *Hauser*, 223 F.3d at 1322.

Additionally, we conclude that even if Puzone had standing to litigate on Centobie's behalf, the issuance of a COA is not warranted because Puzone has not made a substantial showing of the denial of Centobie's constitutional rights.  She alleges that he is incompetent to be put to death. *See Ford v. Wainwright,* 477 U.S. 399, 410, 106 S.Ct. 2595, 2602 (1986) (holding that the Eighth Amendment forbids the execution of a legally insane prisoner); *see also Weeks v. Jones*, 52 F.3d 1559, 1565-69 (11th Cir. 1995).  However, she has not made a substantial

3

showing that Centobie is in fact incompetent. Her evidence is speculative and inconclusive, and completely at odds with the conclusions of mental health professionals who have observed Centobie, including during a competency evaluation prior to trial. All reliable evidence leads to a conclusion that Centobie understands his legal options but has rationally chosen to accept execution.

For these reasons, we deny a certificate of appealability, and deny a stay of execution.

DENIED.