RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0011p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

WALTER CARDIN,

*Petitioner-Appellant,*

*v.*

No. 18-5389

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

─────────────────

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
Nos. 1:11-cr-00093-1; 1:16-cv-00201—Travis R. McDonough, District Judge.

Argued: October 24, 2019

Decided and Filed: January 9, 2020

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

─────────────────

### COUNSEL

─────────────────

**ARGUED:** Derek A. Woodman, WILMER CUTLER PICKERING HALE AND DORR, LLP, Washington, D.C., for Appellant. Perry H. Piper, UNITED STATES ATTORNEY'S OFFICE, Chattanooga, Tennessee, for Appellee. **ON BRIEF:** Derek A. Woodman, Daniel S. Volchok, WILMER CUTLER PICKERING HALE AND DORR, LLP, Washington, D.C., for Appellant. Perry H. Piper, UNITED STATES ATTORNEY'S OFFICE, Chattanooga, Tennessee, for Appellee. Walter Cardin, Butner, North Carolina, pro se.

─────────────────

### OPINION

─────────────────

KETHLEDGE, Circuit Judge. Walter Cardin moved in the district court to vacate his sentence under the federal habeas statute (28 U.S.C. § 2255). Cardin had been hospitalized two

days before the motion was due, so his sister signed it for him. Yet for that reason the district court denied the motion. Cardin also moved—after his release from the hospital—to add his own signature to the § 2255 filing. The district court denied that motion too. We reverse.

Walter Cardin was convicted of fraud in federal court and began serving a 78-month prison sentence in June 2013. We affirmed his conviction and sentence, *see United States v. Cardin*, 577 F. App'x 546 (6th Cir. 2014), and his criminal judgment became final on June 8, 2015. Cardin thereafter worked with his sister, Natalie Cardin, to prepare a motion to vacate his sentence under 28 U.S.C. § 2255. The deadline for filing that motion was June 8, 2016. *See* 28 U.S.C. § 2255(f).

On June 6, 2016, however, Cardin was unexpectedly hospitalized. The following day, Natalie Cardin filed the § 2255 motion in Cardin's name. The motion presented claims under the Fifth and Sixth Amendments to the Constitution, and was signed "Walter A. Cardin by Natalie J. Cardin." In a footnote, Natalie Cardin declared "under penalty of perjury" that she was "attorney in fact, P.P. for Walter A. Cardin" and that Cardin was incarcerated and "otherwise unavailable to sign this motion and submit it in a timely manner." On June 8, Cardin was released from the hospital and returned to prison.

There matters stood for more than two months, until the district court sua sponte entered an order stating that "the Court is considering dismissing the instant § 2255 motion" on the ground that it had been signed by Natalie Cardin rather than by Cardin himself. One might have expected that order to direct Cardin to show cause as to why the filing was proper; but instead the court invited the government to explain why it was not. A few weeks later—in September 2016—the government duly filed a response arguing that the motion should be dismissed on the ground that Natalie Cardin lacked standing to file it as a "next friend" for her brother.

Just over a week later, Cardin responded with a pro se "motion for leave to amend 2255 motion," which—being out of the hospital now—he signed for himself. The motion sought leave only for Cardin to add his own signature to the original motion, which presumably would have swept away any doubts as to whether the court had power to adjudicate it. In support, Cardin attached a letter from his case manager at the Federal Bureau of Prisons, who stated that

Cardin had indeed been hospitalized from June 6 to June 8, 2016. Cardin also attached a legal document, executed in April 2015, by which he had granted Natalie Cardin "unlimited" power of attorney to act on his behalf. And Cardin recited in his motion that the reason he had been hospitalized was a "medical emergenc[y]" related to a condition about which the district court had heard before—specifically at "Page 10" of the Presentence Investigation Report prepared in connection with Cardin's sentencing. Finally, Cardin stated that Natalie Cardin had acted "with my expressed consent and in my best interest" when she filed the original § 2255 motion.

There matters stood again for almost 18 months, with Cardin continuing to serve a sentence that he claimed was unlawful. Finally—in March 2018, twenty-one months after Cardin had filed his § 2255 motion—the district court entered an order in which it denied that motion and the motion to amend. Rather than rule on the merits of Cardin's claims, however, the court held that Natalie Cardin had failed to do two things: first, to "provide an adequate explanation" as to why Cardin himself could not have filed the original § 2255 motion on June 7, 2016; and second, to show that she was "truly dedicated" to Cardin's best interests when she filed it. Order at 3–4. And on those points the court refused to consider any of the information provided in Cardin's motion to amend—on the ground that Natalie Cardin alone bore the burden "clearly to establish the propriety of her status." Hence the court denied the motions.

We review the district court's denial of Cardin's § 2255 motion de novo. *Greer v. United States*, 938 F.3d 766, 770 (6th Cir. 2019). As an initial matter, we set to one side the question whether Natalie Cardin's "unlimited" (and apparently undisputed) power of attorney to act on her brother's behalf should have been enough, by its own force, to treat the § 2255 motion as one filed by Cardin himself. So treated, the motion plainly would have been brought by a party (*i.e.*, Cardin himself) with Article III standing to litigate the claims therein. But neither party has briefed that issue, so we turn to an issue they have briefed, namely whether Natalie Cardin had "next friend" standing to file the § 2255 motion.

The "next friend" doctrine is a device to determine when a motion for collateral relief brought by a person who does not have standing to pursue that relief should be deemed brought by a person who does. For a next friend "does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person,

who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The doctrine has "two firmly rooted prerequisites[.]" *Id.* "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate[.]" *Id.*

Obviously those two requirements were met here if one considers the entire record before the district court, notably the motion to amend. Cardin was undisputedly hospitalized in the days before his § 2255 motion was due, which undisputedly left him unable to provide the signature that his sister provided on his behalf. The district court thought that explanation inadequate because, in the court's view, Cardin should have filed the motion earlier in the one-year limitations period. But that reasoning would shorten from 365 days to 362 the limitations period specified by Congress. Moreover, Cardin's hospitalization was unexpected rather than planned; and the reality is that a great deal of legal work typically gets done in the 72 hours before a filing deadline. The courts should not impose on litigants (much less pro se ones) standards of diligence that nobody meets in practice. More to the point, the question as to capacity is simply whether Cardin could have signed the § 2255 motion on June 7, 2016—a question whose answer is undisputedly no—not whether Cardin should have put himself in a position to sign and file that motion some time before.

Equally plain is that Natalie Cardin was acting in her brother's best interests when she signed the § 2255 motion for him. Cardin himself expressly told the court as much in his motion to amend. And on this point the power of attorney makes clear that Cardin had categorically endorsed any actions—specifically including any actions in "litigation"—that Natalie Cardin chose to take on his behalf. Hence the doctrine's requirements were plainly met.

Yet the district court held otherwise because it refused to consider any of the information provided in Cardin's motion to amend. In doing so, the court noted, correctly, that "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. But from that premise the court concluded, mistakenly, that "[a]n explanation offered by [Cardin] himself, after the fact, does not

establish that Ms. Cardin has next friend standing." That the putative next friend bears the burden of proving her status does not mean that the prisoner's own views, when he can express them, are beside the point. To the contrary, courts routinely consider the prisoner's statements in determining whether a putative next friend is an actual one. *See, e.g.*, *Whitmore*, 495 U.S. at 165–66; *Gilmore v. Utah*, 429 U.S. 1012, 1014 (1976) (Burger, C.J., concurring in the termination of stay); *West v. Bell*, 242 F.3d 338, 341–42 (6th Cir. 2001); *Centobie v. Campbell*, 407 F.3d 1149, 1150–51 (11th Cir. 2005) (per curiam).

Nor does it matter that Cardin's explanation as to why he needed his sister's help came after the § 2255 motion was filed. That explanation came after the fact precisely because Cardin had been incapacitated before. Moreover, the question here is not whether—at the moment the § 2255 motion was filed, or a day later, when the limitations period expired—the district court had before it all the evidence necessary to determine Natalie Cardin's status as a next friend. To the contrary, federal courts routinely enter show-cause orders that direct parties, after the fact of a filing, to set forth facts necessary to the court's jurisdiction. Instead, the question here is simply whether, on June 7, 2016, Natalie Cardin acted as Cardin's next friend when she signed the § 2255 motion for him. And in answering that question, no rule of law required or permitted the district court to disregard the information set forth in Cardin's motion to amend.

The district court's March 8, 2018 order is reversed, and the case remanded for proceedings consistent with this opinion.